IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TAMIR ABDULLAH, | § | |
| BELL COUNTY No. 1285182, | § | |
| | § | |
| V. | § | W-22-CV-1096-ADA |
| | § | |
| EDDY LANGE AND JEFF LANDRY. | § | |

## ORDER

Before the Court is Tamir Abdullah's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 4.) Abdullah is a pretrial detainee in Bell County, charged with Unlawful Possession of a Firearm by a Felon in Cause No. 21DCR84869. Petitioner raises four claims for habeas corpus relief: (1) Killeen police officers had no probable cause to search his vehicle, thereby violating his Fourth and Fifth Amendment rights; (2) Petitioner has been unlawfully detained without trial since August 15, 2021, which violates his Sixth Amendment right to a speedy trial; (3) Petitioner has a Second Amendment right to bear arms, and the firearm was legally located in a vehicle; and (4) the trial court judge is violating Petitioner's Sixth Amendment right to counsel by allowing him to proceed pro se but then denying his pro se motions without a hearing.

To warrant habeas relief under § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Although exhaustion of state remedies is mandated by statute only for

habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

State records show that, on October 13, 2021, Petitioner filed a pro se habeas corpus application in the trial court; however, there is no record that this petition was forwarded to the Texas Court of Criminal Appeals (TCCA). On May 13, 2022, the trial court held a special hearing, during which Petitioner appeared pro se. The trial court denied Petitioner's pro se motions to dismiss and to suppress and addressed Petitioner's request for speedy trial by advising him that a trial date would be requested. The trial court finally concluded that, after discussion with Petitioner during the hearing, Petitioner could not effectively represent himself and appointed him counsel. Petitioner filed an appeal, which was dismissed for lack of jurisdiction. *Abdullah v. State*, No. 03-22-00286-CR (Tex. App.—Austin, July 29, 2022, pet ref'd). On August 12, 2022, the TCCA refused Petitioner's Petition for Discretionary Review. *Abdullah v. State*, No. PD-0401-22 (Tex. Crim. App. Aug. 12, 2022).

In the present case, Petitioner's pro se state habeas petition was not forwarded to the TCCA for review. In addition, Petitioner's appeal to the Texas Third Court of Appeals was dismissed for lack of jurisdiction and his PDR was refused. The record

2

before the Court shows that Petitioner has tried, albeit unsuccessfully, to exhaust his state court remedies but the state court has nonetheless not had the initial opportunity to pass upon and correct any alleged errors of federal law. Further, Petitioner fails to allege any circumstances which would allow the court to excuse the exhaustion requirement.

Unlike petitions filed under 28 U.S.C. § 2254, there is not a statute of limitations for petitions brought under § 2241. Accordingly, because Petitioner has failed to exhaust his state court remedies, this petition must be dismissed without prejudice to refiling when Petitioner's state court remedies are exhausted.[1]

### **CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

---

[1] Even if Petitioner had successfully exhausted his state court remedies, his claims are nonetheless subject to *Younger* abstention, a doctrine which discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine requires federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for *Younger* abstention are met here.

underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

It is therefore **ORDERED** that Petitioner's federal habeas petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies; and

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 22nd day of November, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE